ORIGINAL

REISSUED FOR PUBLICATION
**31 MAR 2017**
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 03-355V

(Filed: March 15, 2017)

(Reissued: March 31, 2017)

**(NOT TO BE PUBLISHED)**

FILED

MAR 3 1 2017

OSM
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| PETER LOUTOS, II, and RAMONA LOUTOS, as parents and natural guardians of P.A.L., III, a minor, | ) ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

Peter Loutos, II, and Ramona Loutos, *pro se*, Port St. Lucie, Florida.

Linda Sara Renzi, Senior Trial Counsel, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent.

## ORDER

LETTOW, Judge.

Pending before the court is petitioners' motion for review, filed March 8, 2017, ECF No. 154. The petitioners seek to overturn a decision by a special master rendered on December 9, 2016, dismissing their petition for compensation under the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-1 to 300aa-34) ("Vaccine Act"), on the ground that it was untimely pursuant to the Vaccine Act's three-year statute of limitations. *Loutos v. Sec'y of Health & Human Servs.*, No. 03-355V, 2016 WL 7665433, at *1 (Fed. Cl. Spec. Mstr. Dec. 9, 2016). The case is an old one, having been initiated on February 19, 2003, when Peter and Ramona Loutos filed a petition on behalf of their minor child, P.A.L., alleging that P.A.L. developed autism spectrum disorder as a result of certain vaccines he received. *Id.* The special master's decision dismissing the case on timeliness grounds was reissued for publication on January 9, 2017, and judgment was entered on January 10, 2017.

The Vaccine Act provides that "[u]pon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa-12(e)(1). If a motion for review is not timely filed, "the clerk of the United States Court of Federal Claims shall immediately enter judgment in accordance with the special master's decision." 42 U.S.C. § 300aa-12(e)(3); *see also* Rules of the Court of Federal Claims ("RCFC"), App. B ("Vaccine Rules"), Rule 23 (stating that a "party must file a motion for review with the clerk within 30 days after the date the decision is filed" and that failure to do so "will constitute a waiver of the right to obtain review"). The 30-day time limit to file a motion for review is jurisdictional. *Widdoss v. Sec'y of Dep't of Health & Human Servs.*, 989 F.2d 1170, 1177 (Fed. Cir. 1993). Because of this jurisdictional limitation, the court lacks power to address motions for review that are untimely. *See, e.g., Mahaffey v. Sec'y of Health & Human Servs.*, 368 F.3d 1378, 1379-81 (Fed. Cir. 2004) (affirming the court's rejection of petitioner's motion for review because the motion was filed two days after the 30-day period had expired). Neither this court nor the Federal Circuit "may excuse a failure to satisfy the 30-day filing requirement." *Hervey v. Sec'y of Health & Human Servs.*, 88 F.3d 1001, 1002 (Fed. Cir. 1996) (citing *Widdoss*, 989 F.2d 1170). Here, petitioners filed their motion for review of the special master's decision well past the 30-day limit, and the court therefore lacks jurisdiction to address petitioners' motion.

For the reasons stated, petitioners' motion for review is DISMISSED for failure to comply with the 30-day filing requirement.

Petitioners also have pending a motion for payment of expert fees, ECF No. 152, which was filed on March 3, 2017, a few days before their motion for review was submitted. Exercising authority granted pursuant to Vaccine Rule 34(b), the court REMANDS the case to the special master to enable the special master to act on this motion.

No costs.

It is so ORDERED.

Charles F. Lettow
Judge